HANSEN *v.* VESSLEY.

[No. 13,456. Filed July 5, 1929.]

*Frank Conboy* and *William J. Reed,* for appellant.
*Harry C. Miller,* for appellee.

McMAHAN, C. J.—This is an action by appellant to collect rent alleged to be owing by appellee on a certain building in LaPorte, which was leased to appellee for a period of one year from April 11, 1923, at a monthly rental of $60. The complaint alleges that appellee paid the rent for the first four months, and gave his note in the sum of $180 for the next three months' rent; that the note is due and unpaid and that the balance of the rent for the year is due and unpaid, a copy of the note and of the lease being made a part of the complaint. Appellee, by answer, admits the execution of the lease; that he occupied the leased premises and paid the rent to July 11, 1923; and alleges that he rented the property for an automobile display room, he, at that time, being an agent for the Maxwell Automobile Company; that because of the termination of his agency contract on June 18, 1923, he was compelled to abandon the premises; that one Nykhart succeeded him as such agent, and thereafter appellant accepted Nykhart as his tenant and collected the rent from him and agreed to release appellee from further liability under the lease, and that he, appellee, surrendered possession to Nykhart with the knowledge of appellant. Judgment in favor of appellee, hence this appeal, appellant contending the verdict is not sustained by sufficient evidence.

Appellee was in the automobile business, and when the lease was executed, had an agency contract for the sale of a certain automobile. He resided at North Judson and carried on the business at LaPorte through an agent named Smith. Appellee personally paid the rent for the first month. The rent for the next three months was paid by Smith. On June 18, 1923, appellee's agency contract was terminated, and Nykhart was given an agency contract, and, on that date, appellee turned possession of the leased property over to Nykhart, and Smith thereafter paid the rent due in July. The inference to be drawn from the evidence is that Nykhart remained in the building one month, when he vacated the same.

Appellee makes no claim that he had any conversation or agreement with appellant to the effect that the latter would release him from further payment of rent or that appellant would accept Nykhart as his tenant. The only testimony in support of such an understanding was given by Smith, who said he told appellant that appellee's agency contract had been canceled and that Nykhart had taken the agency and would continue business in the building, and that appellant said it was all right with him so long as he got his rent, and that he, as agent of Nykhart, gave appellant a check for the rent due in July. Appellant denies having any such conversation with Smith, and says he had no knowledge of any change in the possession of the building, and that he had not agreed to accept Nykhart as his tenant. The building having been vacated and no further rent having been paid, appellant insisted on appellee paying the same, and, on September 10, appellee gave appellant his note for $180, that equaling the amount of the rent for August, September and October. This note has not been paid, nor has any payment of rent been made other than as heretofore stated. After the execution of the

note, appellee began suit against Nykhart for the purpose of collecting the rent.

It is appellee's contention that the note was given for no purpose other than to aid appellant in collecting the rent from Nykhart, and that there was no consideration for its execution. This contention cannot prevail. The undisputed evidence shows that when this note was executed the rent for two months was due and that appellant was insisting that appellee pay the same. Appellee, recognizing either a legal or a moral obligation to pay the rent, gave the note in question, and thereafter, in his own name, brought suit against Nykhart upon the theory that the latter was indebted to him. Appellant, under the evidence most favorable to appellee, should have recovered the amount due on the note. There is some evidence that Smith turned the keys of the building over to appellant probably in October and that appellant accepted the same, although appellant testified the keys were not delivered to him until after the lease had expired in 1924. Whether there was a surrender of the leased premises and an acceptance thereof by appellant was, under the evidence, for the jury to determine. If there was a surrender and acceptance, appellee would not be liable for rent thereafter accruing, although he is, under the evidence, liable for the amount due on the note.

Judgment reversed, with directions to sustain the motion for a new trial.